By the Court.
Section 6, Article IV of the Ohio Constitution, gives the Court of Appeals “appellate jurisdiction in the trial of chancery cases.” The Court of Appeals held this to be a chancery ease and therefore appealable, and this is the sole question presented to this court for determination.
The petition and answer determine the character of this action. Were this a case where a guardian sought to sell his ward’s estate without intervening equities, it could not be designated as a case in chancery. But this is not such a case. Here the petition seeks to enforce a lien or charge upon lands devised to another. Furthermore, the answering defendant here sought the equitable principle of exoneration. He did not deny, but admitted, that the imbecile’s support was a charge upon his land. However, he alleged that a special fund had been provided for the imbecile’s support, and he therefore sought to compel the guardian’s resort to that *484 fund before selling bis own interest in the premises. Under the pleadings filed, the case was clearly one of chancery jurisdiction, and therefore appealable to the Court of Appeals.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Mars ft at,t,, C. J., Wanamaker, Eobinson, Jones, Matthias, Day and Allen, JJ., concur.